IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. LESH, | : | Civil No. 3: 23-CV-1584 |
| Plaintiff, | : | |
| v. | : | |
| MARTIN O'MALLEY,[1] | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending the court vacate and remand the Commissioner's decision denying Plaintiff David A. Lesh's ("Lesh") claim for a period of disability and disability benefits because the Administrative Law Judge ("ALJ") failed to properly explain why he crafted a less restrictive residual functional capacity than a prior ALJ had in a vacated decision. (Doc. 15.) The Commissioner objects that a vacated decision is not evidence that needs to be considered in a disability claim, and the ALJ's RFC explanation meets the substantial evidence standard. (Doc. 17.) For the reasons that follow, the court will not adopt the report and recommendation and will refer this case back to Judge Carlson for further consideration of the parties' remaining arguments.

---

[1] Martin O'Malley was appointed as the Commissioner of the Social Security Administration on December 20, 2023. As such, and pursuant Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in the instant matter.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report and recommendation. Because the court gives "reasoned consideration" to these uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court will only restate the factual background and procedural history necessary for clarity in this opinion.

Lesh initially applied for disability benefits on April 1, 2016. (Doc. 15, p. 3.)[2] His initial application alleged he was totally disabled due to impairments "including spinal fusion, herniated lumbar disc, limited mobility, chronic pain, GERD, hyperlipidemia, and hypertension." (*Id.*) Lesh's initial claim was denied in May 2016, and subsequently, ALJ Timothy Wing held a hearing on February 21, 2018. (*Id.* at 7.) ALJ Wing issued an unfavorable decision on August 8, 2018. (*Id.*) Importantly, ALJ Wing determined that Lesh had the residual functional capacity ("RFC") to perform sedentary work "limited to occupations which can be performed with the use of a cane for ambulation, as needed." (*Id.*) (quoting Doc. 8-2, p. 19.) In reaching this conclusion, ALJ Wing considered Lesh's testimony and the medical opinions in evidence at that time. (*Id.* at 8–10.)

---

[2] For ease of reference, the court uses the page number contained in the CM/ECF header.

Lesh appealed the August 2018 decision, and on September 11, 2020, the district court vacated the Commissioner's unfavorable decision and remanded the case for further consideration by an ALJ because "the ALJ impermissibly relied on speculation or lay interpretation of the [medical] evidence to reach his conclusion." (*Id.* at 10) (citing Doc. 8-2, p. 29.)

ALJ Wing held a second hearing on July 7, 2021, regarding the same disability period that was at issue in the first hearing. (*Id.* at 10, 11.) An independent medical examiner, Dr. James Todd, testified that "Lesh could perform all light duty but not medium or heavy duty work and that he did not require the use of a cane for ambulation." (*Id.* at 11.) ALJ Wing then issued a second unfavorable decision but found that Lesh had the RFC to perform light work with "no more than frequent postural maneuvers [and] occasional stooping[.]" (*Id.* at 11, 12.) (quoting Doc. 8-9, p. 57.) ALJ Wing gave "great weight" to Dr. Todd's opinion and gave little or no weight to the remaining medical evidence. (*Id.* at 12.) ALJ Wing did not address the fact that his prior decision, although vacated, had limited Lesh to sedentary work. (*Id.* at 13.)

Lesh again appealed this unfavorable decision to the Appeals Council, who remanded the case again because the ALJ failed to properly explain why he gave great weight to Dr. Todd's opinion but did not adopt Dr. Todd's finding that Lesh could not stoop or crawl. (*Id.* at 13) (citing Doc. 8-9, pp. 78, 79.) The Appeals

Council remanded for further consideration of Lesh's RFC, specifically directing the ALJ to evaluate "the treating and nontreating source opinions pursuant to the provisions of 20 C.F.R § 404.1526 and nonexamining source opinions in accordance with the provisions of 20 C.F.R. § 404.1527, and explain the weight given to such opinion evidence."  (Doc. 809, p. 78.)  The Appeals Council also specified that the case should be assigned to a different ALJ "to complete the administrative record and issue a new decision."  (*Id.* at 79.)

Thus, on October 19, 2022, ALJ Charles Dominick held a hearing at which a vocational expert testified.  (Doc. 15, p. 13.)  On December 1, 2022, ALJ Dominick denied Lesh's application for benefits.  (*Id.*)  Relevant here, ALJ Dominick found that Lesh had the RFC to perform light work limited to "no more than occasional stooping, kneeling, crouching, and climbing on ramps and stairs, but may never crawl or climb on ladders[.]"  (*Id.* at 14.) (quoting Doc. 8-8, p. 17.)  In reaching this conclusion, ALJ Dominick considered Lesh's testimony about his pain and his daily activities, the testimony of Drs. Todd, Lebowitz, Starenfield, Wolk, DeLuca, Dominique, Potter, and Goldstein, and addressed the weight he gave each opinion in comparison to the medical evidence of record.  (*Id.* at 15–18.)

Lesh appealed this decision.[3]  (Doc. 1.)  After briefing, on August 19, 2024, Judge Carlson issued a report and recommendation recommending this court vacate the Commissioner's decision denying Lesh disability benefits and remand for further proceedings because ALJ Dominick failed to explain why he determined a different RFC than ALJ Wing when examining the same time period. (*Id.* at 19.)  The Commissioner timely objected on August 28, 2024.  (Doc. 17.) Lesh did not respond to the Commissioner's objections.  This matter is now ripe for review.

## STANDARD OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further

---

[3] Lesh raised four errors on appeal including 1) the ALJ failed to explain "why he found the Plaintiff could perform light work . . . when original [ALJ] Wing found the Plaintiff was limited to sedentary work[;] 2) the ALJ failed "to follow the Appeals Council directive to further evaluate the opinion of Dr. Todd that the Plaintiff should avoid stooping[;] 3) the ALJ "erred in finding the Plaintiff's statements were not consistent with the medical evidence[;] and 4) the ALJ "erred [by] failing to address the Plaintiff's obesity." (Doc. 11, p. 13.)

5

instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

### B. Social Security Disability Evaluation by an ALJ and the Substantial Evidence Standard

An ALJ considering an application for social security disability benefits must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant meets or equals an impairment listed under the Social Security regulations; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and RFC. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC must be determined as part of step four of the analysis. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019).

Although the court reviews the ALJ's legal conclusions under a de novo standard of review, its review of the ALJ's factual findings is limited to determining whether they were supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *see also* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1152–54 (2019). "Substantial

6

evidence is defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Thomas v. Comm'r of Sec. Sec. Admin.*, 625 F.3d 798, 800 (3d Cir. 2010) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d. Cir. 1999)). To meet this standard, the ALJ must "set forth the reasons for his decision because conclusory statements are 'beyond meaningful judicial review.'" *Id.* (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d. Cir. 2000)).

## DISCUSSION

In his report and recommendation, Judge Carlson addresses only the argument that the ALJ erred by failing to explain why he determined an RFC of light work, while a prior ALJ had determined an RFC of sedentary work. (Doc. 15, p. 19.) Judge Carlson ultimately concluded that "the ALJ's RFC determination is not supported by an adequate explanation" and recommended remand. (*Id.* at 28, 29.) Specifically, Judge Carlson reasoned that:

> the ALJ failed to articulate how Lesh was now able to perform a range of light work, considering the same severe impairments and medical evidence [as the prior ALJ.] Although nothing in the regulations gives a preclusive effect to a prior RFC determination when an ALJ is reviewing a case *de novo*, this prior administrative record is, at least, relevant evidence which must be evaluated as part of the longitudinal record.

(*Id.* at 29.) In reaching this conclusion, Judge Carlson first compared this case to *Depalma v. Kijakazi*, No. 1:22-CV-475, 2023 WL 2870711 (M.D. Pa. Apr. 10,

2023), in which the court found that an ALJ failed to adequately explain his RFC determination "where an ALJ determined the plaintiff was capable of light work just one day after a prior ALJ had limited the plaintiff to sedentary work." (*Id.* at 29–30.)  In *Depalma*, the court relied on *Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473 (4th Cir. 1999), and other cases form the Middle District of Pennsylvania, and reasoned that while "the ALJ is not bound by this prior administrative finding . . .[.] courts in this circuit have considered this issue and have found that, at a minimum, an ALJ must explain such a discrepancy."  *Depalma*, 2023 WL 3870711,at * 10 (citing *Butler v. Colvin*, No. 3:15-CV-1923, 2016 WL 2756268, at * 17 (M.D. Pa. May 12, 2016); *Soltishick v. Berryhill*, No. 3:18-cv-00712, 2018 WL 6839674 , at * 9 (M.D. Pa. Dec. 31, 2018)).

Judge Carlson also distinguished the case cited by the Commissioner, *Mattei, v. Comm'r of Soc. Sec.*, No. 22-2721, 2023 WL 34759567 (3d Cir. May 16, 2023).  (Doc. 15, p. 31.)  The Commissioner argued that the ALJ was not bound to follow findings from a previous decision, and cited *Mattei* for the proposition that "nothing in the regulations compels adoption or even consideration of a prior-found fact by an ALJ who decided a temporally distinct disability claim." (*Id.* at 30, 31) (quoting *Mattei*, 2023 WL 34759567, at *1.)  However, Judge Carlson pointed out that the Third Circuit has interpreted the decision in *Albright* to "require[] an ALJ deciding a subsequent disability claim to consider and give

8

'weight' to prior administrative findings regarding a claimant's disability status." *Mattei*, 2023 WL 34759567, at *2. Ultimately, Judge Carlson concluded that these cases stand for the proposition that "the consideration of a prior administrative decision is required under the substantial evidence standard, even in a case involving a subsequent disability period." (Doc. 15, p. 32.)

The Commissioner objects to Judge Carlson's conclusion that the ALJ was required to discuss a prior *vacated* ALJ decision. The Commissioner begins by arguing that "[v]acated disability decisions are not evidence in a disability claim." (Doc. 17, p. 2.) The Commissioner notes that each prior decision in this case had been vacated, either by the District Court or the Appeals Council, and that "[v]acating these prior decisions wiped the slate clean." (*Id.* at 3) (citing *In re Smith*, 165 F. App'x 961, 967 (3d Cir. 2006); *Castagna v. Kijakazi*, No. 20-CV-5879, 2022 WL 1406584, at *7 (E.D. Pa. May 4, 2022); *Alicea v. Comm'r of Soc. Sec.*, 855 F. App'x 494, 496 (11th Cir. 2021)).

Next, the Commissioner argues that "nothing in the regulations compelled the ALJ to view the prior vacated decisions as 'evidence[,]'" and notes that, under the applicable regulations, "evidence is 'submitt[ed] to' or 'obtain[ed]' by the agency and set out in categories that do not contemplate the inclusion of findings made in prior vacated disability decisions." (*Id.*) (citing 20 C.F.R. § 404.1513(a)(1)-(5)). Those categories include objective medical evidence,

9

medical opinion, other medical evidence,[4] evidence from nonmedical sources,[5] and prior administrative medical findings.[6]  20 C.F.R § 404.1513(a)(1)-(5).

Further, the Commissioner points to *Mattei*, and its holding that the regulations do not require "consideration of a prior administratively final disability decision[.]"  (*Id.* at 4.) (citing *Mattei*, 2023 WL 3479567, at *1).  The Commissioner argues that "[e]ngaging in this same analysis in the context of vacated decisions, the same reasoning holds with equal (if not more) force– findings from vacated decisions should not be considered 'evidence.'"  (*Id.*)

The Commissioner also distinguishes *Albright*, first and foremost, because the Third Circuit did not endorse the decision when it considered it in *Mattei*, but also because "[t]he court in *Albright* was concerned that there were 'legitimate expectations' that a prior *final* administrative decision should 'carry considerable weight' in a subsequent claim for benefits.  But a prior *vacated* decision presents

---

[4] "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  20 C.F.R § 404.1513(A)(3).

[5] "Evidence from nonmedical sources is any information or statement(s) from a nonmedical source (including [the claimant]) about any issue in your claim.  We may receive evidence from nonmedical sources either directly from the nonmedical source or indirectly, such as from forms we receive and our administrative records."  *Id.* § 404.1513(A)(4).

[6] "A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review in your current claim based on their review of the evidence in your case record, such as: (iv) Your residual functional capacity."  *Id.* § 404.1513(A)(5)(iv).

no such concern." (*Id.* at 5.) (citations omitted) (emphasis in original).  Finally, the Commissioner argues that ALJ Dominick's decision was still supported by substantial evidence when he explained why Lesh was capable of light work, even though a different ALJ considered similar evidence and reached a different conclusion.  (*Id.* at 6–9.)

The court agrees with the Commissioner that the ALJ was not required to discuss a prior vacated decision.  As the Commissioner notes, the prior decisions in this case had been vacated and remanded for new decision.  (*See* Doc. 8-9, pp. 29; 78, 79.)  A vacated decision is "'officially gone,' has 'no legal effect whatever,' '[is] void,' and '[n]one of the statements made [therein] has any remaining force.'" *Castagna*, 2022 WL 1406584, at * 7 (citing *Alicea*, 855 F. App'x 494, 496 (11th Cir. 2021)); *see also Coleman v. Berryhill*, No. 3:17-CV-01824, 2019 WL 1323418, at * 13 (M.D. Pa. Feb. 14, 2019).  Accordingly, while regulations require ALJ's to consider prior administrative findings, such as prior RFC findings, the prior decisions in this case cannot be considered "findings" because they have been vacated and are "officially gone."

The case law relied upon in the report and recommendation support the conclusion that, under the substantial evidence standard, an ALJ should discuss any change between a prior ALJ's determination from a different time period and the one reached in the instant hearing when those decisions are different from each

11

other.  *See Depalma*, 2023 WL 3870711, at *10; *Butler*, 2016 WL 2756268, at *17, *Soltishick*, 2018 WIL 6839674, at *9.  However, in the case before the court, where each prior ALJ determination was vacated and remanded for further consideration *de novo*, does not implicate this rule because, essentially, there is no prior ALJ decision in effect.  Had these prior decisions not been vacated and remanded, the rule may be applicable.  However, each prior ALJ decision had been vacated and remanded for further consideration, making them "officially gone," and therefore, not required to be considered by the instant ALJ here.  Further, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."  *Hur v. Barnhart*, 94 Fed. App'x 130, 133 (3d Cir. 2004).  Thus, the court will not adopt the report and recommendation.

## CONCLUSION

The court will not adopt the report and recommendation because the ALJ was not required to explain differences between his conclusion and the conclusion of a prior ALJ's vacated decision.  This case will be remanded to the magistrate judge for further consideration of the other three assignments of error.  An Order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:        September 23, 2024